IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VRINER and LUCINDA VRINER, | ) | **PLAINTIFFS DEMAND** |
| | ) | **A JURY TRIAL** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.: |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | Assigned Judge: |
| a Delaware Corporation, and McKESSON | ) | |
| MEDICAL-SURGICAL INC., a Virginia | ) | Designated |
| Corporation, | ) | Magistrate Judge: |
| | ) | |
| Defendants. | ) | |

# COMPLAINT AT LAW

## JURISDICTION AND VENUE

1. That on the 20th day of December 2019, and at all material times, the plaintiff, John Vriner, was a citizen of the state of Illinois.

2. That on the 20th day of December 2019, and at all material times, the plaintiff, Lucinda Vriner, was a citizen of the state of Illinois.

3. That on the 20th day of December 2019, and at all material times, the defendant, Teva Pharmaceuticals USA, Inc., was a citizen of the state of Delaware. The defendant is incorporated in the state of Delaware and has its principal place of business at 400 Interpace Parkway, Building A, Parsippany, New Jersey.

4. That on the 20th day of December 2019, and at all material times, the defendant, McKesson Medical-Surgical Inc., was a citizen of the state of Virginia. The

defendant is incorporated in the state of Virginia and has its principal place of business at 9954 Mayland Drive, Suite 4000, Richmond, Virginia.

5. Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., do business in the state of Illinois and derive substantial profits from their sales in the state of Illinois and this district.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action has a controversy in excess of $75,000 and is between citizens of different states.

7. This Court has personal jurisdiction over the defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., because they are authorized to and do conduct business in the state of Illinois, generally and with regard to this particular action, that the exercise of personal jurisdiction does not offend the traditional notions of fair play and substantial justice.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to the claim occurred in this district.

**COUNT I – JOHN VRINER**
**PRODUCT LIABILITY – MANUFACTURING DEFECT**

Now comes the Plaintiff, John Vriner, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1. On and prior to the 20th day of December 2019, the plaintiff, John Vriner, was a patient at Midwest Orthopaedics located at 610 South Maple Street, Oak Park,

Illinois, and was receiving an injection from a Dr. Julia Bruene, who injected Methylprednisolone Acetate, Lot #31327725B, into both John Vriner's knees.

2. That at that time and place, the Methylprednisolone Acetate, Lot #31327725B, that was being injected into John Vriner's right and left knees was manufactured by Teva and distributed to Midwest Orthopaedics by McKesson.

3. At the time the Methylprednisolone Acetate, Lot #31327725B, in question was sold, the defendant, Teva, was in the business of designing, manufacturing and selling Methylprednisolone Acetate such as the one that was injected into John Vriner.

4. That at the time the product in question was sold, the defendant, McKesson, was in the business of distributing the Methylprednisolone Acetate that Teva manufactured to medical care facilities, including Midwest Orthopaedics.

5. At the time the product in question was manufactured and sold by defendant, Teva, and distributed by defendant, McKesson, it was defective and unreasonably dangerous as manufactured, and the unreasonably dangerous condition of the product was a proximate cause of the injuries and damage to the plaintiff, John Vriner.

6. At the time the medication in question was manufactured and sold, the defective manufacture of the medication caused the medication to exceed acceptable levels for microbial recovery. The defective and unreasonably dangerous design and manufacture of the medication was a proximate cause of injuries and damage to the plaintiff, John Vriner.

7. At the time of this incident, the product was in substantially the same condition as it was at the time it was placed into the stream of commerce. No material

3

alterations were made to the product. At the time of the incident, the product was in the same or substantially similar condition as when it left the control of the defendants, Teva and McKesson.

8. The Methylprednisolone Acetate was used and injected in a foreseeable manner, nonetheless, the product was unreasonably dangerous and caused severe injuries to John Vriner.

9. On February 10, 2021, Teva voluntarily recalled specific lots of multiple products, including the Methylprednisolone Acetate, Lot #31327725B, that were injected into both John Vriner's knees on December 20, 2019.

10. On February 18, 2021, McKesson voluntarily recalled specific lot of multiple products distributed under the labels for Teva, including the Methylprednisolone Acetate, Lot #31327725B, that was injected into John Vriner's knees on December 20, 2019.

11. Teva's and McKesson's Urgent Drug Recall was done with the knowledge of the U. S. Food and Drug Administration (FDA).

12. That as a direct and proximate result of injecting John Vriner's knees with the now recalled Methylprednisolone Acetate, Lot #31327725B, plaintiff, John Vriner's knees became infected, and he suffered severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great gains he would have realized but for said injuries.

Wherefore, the Plaintiff, John Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

## COUNT II – JOHN VRINER
## PRODUCT LIABILITY – DESIGN DEFECT

Now comes the Plaintiff, John Vriner, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1-12. The plaintiff, John Vriner, hereby realleges and readopts paragraphs 1 through 12 of Count I as and for paragraphs 1 through 12 of Count II, as though fully set forth herein.

13. Defendants Teva and McKesson carelessly and negligently designed the Methylprednisolone Acetate that was injected into both of John Vriner's knees.

14. At the time the medication in question was manufactured and sold, the defective design of the medication caused the medication to exceed acceptable levels for microbial recovery. The defective and unreasonably dangerous design of the medication was a proximate cause of the injuries and damage to the plaintiff, John Vriner.

15. That as a direct and proximate result of the design defects, the plaintiff, John Vriner, suffered severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lost great gains he would have realized, but for said injuries.

Wherefore, the Plaintiff, John Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

### COUNT III – JOHN VRINER
### PRODUCT LIABILITY – FAILURE TO WARN

Now comes the Plaintiff, John Vriner, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1-12. The plaintiff, John Vriner, hereby realleges and readopts paragraphs 1 through 12 of Count I as and for paragraphs 1 through 12 of Count III, as though fully set forth herein.

13. Defendants Teva and McKesson, as a manufacturer and a distributor of medication, are held to the level of knowledge of an expert in these fields and further defendants knew, or should have known, that warnings and other relevant information and data they possessed must be promptly communicated to the public and relevant medical personnel.

14. Defendants had a continuing duty to provide consumers, including the plaintiff, John Vriner, and relevant health care personnel to provide warnings of the dangers their medication posed to patients, including the plaintiff, John Vriner.

15. That as a direct and proximate result of the failure of the defendants and lack of time to timely discover and warn of the dangerous condition of their medication, the plaintiff, John Vriner, was injected with the unreasonably dangerous Methylprednisolone Acetate with unacceptable levels of microbial material present, and

6

as a direct and proximate result, the plaintiff John Vriner's knees became infected, thereby causing severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lost great gains he would have realized, but for said injuries.

Wherefore, the Plaintiff, John Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

### COUNT IV – JOHN VRINER
### PRODUCT LIABILITY – NEGLIGENCE

Now comes the Plaintiff, John Vriner, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1-11. The plaintiff, John Vriner, hereby realleges and readopts paragraphs 1 through 11 of Count I as and for paragraphs 1 through 11 of Count IV, as though fully set forth herein.

12. Defendants Teva and McKesson, and each of them, committed acts and/or omissions which collectively constituted negligence and which were a proximate cause of the injuries and damages of the plaintiff, John Vriner.

13. That at the time the Methylprednisolone Acetate was manufactured, distributed and injected into consumers, defendants Teva and McKesson, and each of

them, had a duty to exercise due care and caution for the safety of consumers, including the plaintiff, John Vriner.

14. That notwithstanding the aforesaid duty, the defendants, Teva and McKesson, and each of them, by and through their duly authorized agents, servants and employees, were guilty of one or more of the following acts and/or omissions:

(a) carelessly manufactured and distributed Methylprednisolone Acetate that exceeded acceptable levels of microbial recovery;

(b) carelessly failed to test the Methylprednisolone Acetate they manufactured and distributed;

(c) carelessly tested the Methylprednisolone Acetate and failed to detect the unacceptable levels of microbial recovery present;

(d) carelessly designed the manufacturing process so that the Methylprednisolone Acetate they manufactured and distributed had unacceptable levels of microbial recovery;

(e) failed to warn consumers and medical personnel that the Methylprednisolone Acetate that they manufactured and distributed had unacceptable levels of microbial recovery.

15. That as a direct and proximate result of the failure of the defendants and lack of time to timely discover and warn of the dangerous condition of their medication, the plaintiff, John Vriner, was injected with the unreasonably dangerous Methylprednisolone Acetate with unacceptable levels of microbial material present, and as a direct and proximate result, the plaintiff John Vriner's knees became infected, thereby causing severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lost great gains he would have realized, but for said injuries.

Wherefore, the Plaintiff, John Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

### COUNT V – JOHN VRINER
### *RES ISPA LOQUITOR* - NEGLIGENCE

Now comes the Plaintiff, John Vriner, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1-11. The plaintiff, John Vriner, hereby realleges and readopts paragraphs 1 through 11 of Count I as and for paragraphs 1 through 11 of Count V, as though fully set forth herein.

12. The injuries and damages sustained by the plaintiff, John Vriner, were caused by an instrumentality within the exclusive control of the defendants, Teva and McKesson, and each of them, by and through their duly authorized agents, servants and employees.

13. That as a direct and proximate result of defendant Teva's and McKesson's carelessness in manufacturing the Methylprednisolone Acetate, the medication was injected into John Vriner's knees.

14. That as a direct and proximate result of the injection of Methylprednisolone Acetate into John Vriner's knees, his knees became infected bilaterally, and he suffered severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled

9

as a result of these injuries, and he has and will lose great gains he would have realized, but for said injuries.

Wherefore, the Plaintiff, John Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

## COUNT VI – LUCINDA VRINER
## LOSS OF CONSORTIUM

Now comes the Plaintiff, Lucinda Vriner, by and through her attorney, Edmund J. Scanlan, and as her complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1-12.   The plaintiff, Lucinda Vriner, hereby realleges and readopts paragraphs 1 through 12 of Count I as and for paragraphs 1 through 12 of Count VI, as though fully set forth herein.

13.   That as a direct and proximate result of the injuries sustained by her husband, John Vriner, the plaintiff, Lucinda Vriner, suffered a loss of consortium, which includes material services, elements of companionship, felicity and sexual intercourse.

Wherefore, the Plaintiff, Lucinda Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

**COUNT VII – LUCINDA VRINER**
**LOSS OF CONSORTIUM**

Now comes the Plaintiff, Lucinda Vriner, by and through her attorney, Edmund J. Scanlan, and as her complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1-15.   The plaintiff, Lucinda Vriner, hereby realleges and readopts paragraphs 1 through 15 of Count II as and for paragraphs 1 through 15 of Count VII, as though fully set forth herein.

16.   That as a direct and proximate result of the injuries sustained by her husband, John Vriner, the plaintiff, Lucinda Vriner, suffered a loss of consortium, which includes material services, elements of companionship, felicity and sexual intercourse.

Wherefore, the Plaintiff, Lucinda Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

**COUNT VIII – LUCINDA VRINER**
**LOSS OF CONSORTIUM**

Now comes the Plaintiff, Lucinda Vriner, by and through her attorney, Edmund J. Scanlan, and as her complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1-15.  The plaintiff, Lucinda Vriner, hereby realleges and readopts paragraphs 1 through 15 of Count III as and for paragraphs 1 through 15 of Count VIII, as though fully set forth herein.

16.  That as a direct and proximate result of the injuries sustained by her husband, John Vriner, the plaintiff, Lucinda Vriner, suffered a loss of consortium, which includes material services, elements of companionship, felicity and sexual intercourse.

Wherefore, the Plaintiff, Lucinda Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

## COUNT IX – LUCINDA VRINER
## LOSS OF CONSORTIUM

Now comes the Plaintiff, Lucinda Vriner, by and through her attorney, Edmund J. Scanlan, and as her complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1-15.  The plaintiff, Lucinda Vriner, hereby realleges and readopts paragraphs 1 through 15 of Count IV as and for paragraphs 1 through 15 of Count IX, as though fully set forth herein.

16.  That as a direct and proximate result of the injuries sustained by her husband, John Vriner, the plaintiff, Lucinda Vriner, suffered a loss of consortium, which includes material services, elements of companionship, felicity and sexual intercourse.

Wherefore, the Plaintiff, Lucinda Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and

each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

### COUNT X – LUCINDA VRINER
### LOSS OF CONSORTIUM

Now comes the Plaintiff, Lucinda Vriner, by and through her attorney, Edmund J. Scanlan, and as her complaint against the Defendants, Teva Pharmaceuticals USA, Inc. (hereinafter referred to as "Teva") and McKesson Medical-Surgical Inc. (hereinafter referred to as "McKesson"), and each of them, states as follows:

1-14.   The plaintiff, Lucinda Vriner, hereby realleges and readopts paragraphs 1 through 14 of Count V as and for paragraphs 1 through 14 of Count X, as though fully set forth herein.

15.   That as a direct and proximate result of the injuries sustained by her husband, John Vriner, the plaintiff, Lucinda Vriner, suffered a loss of consortium, which includes material services, elements of companionship, felicity and sexual intercourse.

Wherefore, the Plaintiff, Lucinda Vriner, demands judgment against the Defendants, Teva Pharmaceuticals USA, Inc. and McKesson Medical-Surgical Inc., and each of them, in a sum in excess of Seventy-Five Thousand Dollars, plus the costs of this lawsuit.

/s/ *Edmund J. Scanlan*
Attorney for Plaintiff

EDMUND J. SCANLAN
Attorney for Plaintiff
30 North Michigan Avenue, Suite 1024
Chicago, Illinois 60602
Telephone:  312.422.0343
Facsimile:  312.422.0358
Email:   ejs@scanlanlawgroup.com
ARDC #:   2466643